**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4682

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSEPH E. STASNEY, a/k/a Buddy Stasney,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:21-cr-00024-KDB-DSC-1)

Submitted:  April 28, 2023                    Decided:  August 21, 2023

Before HARRIS and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph E. Stasney pled guilty, pursuant to a written plea agreement, to wire fraud, in violation of 18 U.S.C. § 1343. The district court sentenced him to 41 months' imprisonment and one year of supervised release, and the court ordered restitution under the Mandatory Victims Restitution Act, 18 U.S.C. §§ 3663A, 3664(f). On appeal, Stasney's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Stasney's sentence is reasonable. Although notified of his right to do so, Stasney did not file a pro se supplemental brief. The Government declined to file a response brief. We affirm.

We review a criminal "sentence[]—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51. If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable," *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016) (internal quotation marks omitted), and Stasney bears the burden of rebutting that presumption "by showing that the sentence is unreasonable when measured against the 18

2

U.S.C. § 3553(a) factors," *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014); *see White*, 810 F.3d at 230.

Our review of the record indicates that the district court did not abuse its discretion in imposing a within-Guidelines-range sentence of 41 months' imprisonment. The court listened to the parties' arguments and Stasney's allocution. In imposing the sentence, the court considered the § 3553(a) factors and declined to vary or depart below the Guidelines range because it found that the Bureau of Prisons could adequately treat Stasney's medical conditions and that a within-Guidelines sentence promoted respect for the law, reflected the seriousness of the offense, and would serve to deter others. Accordingly, the record reveals no procedural error, and Stasney fails to rebut the presumption that his sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Stasney, in writing, of the right to petition the Supreme Court of the United States for further review. If Stasney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Stasney.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*